UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Tony Andrews, Kevin Winston, and Dyshan Scruggs, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>The CFS Group, LLC d/b/a Container First Services<br><br>and<br><br>The CFS Group Disposal & Recycling Services, LLC<br><br>Defendants. | CIVIL ACTION NO. 3:16cv716 |

## COMPLAINT

Plaintiffs Tony Andrews ("Andrews"), Kevin Winston ("Winston"), and Dyshan Scruggs ("Scruggs"), (collectively "Plaintiffs"), respectfully move for judgment against The CFS Group, LLC d/b/a Container First Services and The CFS Group Disposal & Recycling Services, LLC, (collectively "CFS" or "Defendant"), on behalf of themselves and all others similarly situated:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA").

### Jurisdiction and Venue

1

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

5. Andrews is a resident of Virginia who is employed by Defendant. Andrews is an "employee" as defined in the FLSA.

6. Winston is a resident of Virginia who is employed by Defendant. Winston is an "employee" as defined in the FLSA.

7. Scruggs is a resident of Virginia who was formerly employed by Defendant. Scruggs was an "employee" as defined in the FLSA.

8. The CFS Group, LLC d/b/a Container First Services and The CFS Group Disposal & Recycling Services, LLC are engaged in the sanitation, waste, and recycling industry. Upon information and belief, they are related entities. Both are Virginia Limited Liability Companies with their principal office in Chester, Virginia. Upon information and belief, The CFS Group, LLC and The CFS Group Disposal & Recycling Services, LLC are an integrated or joint employer for the purposes of the FLSA. The CFS entities are collectively referred to as "CFS" in this Complaint.

9. CFS meets the definition of "employer" as defined in the FLSA.

### Factual Allegations

2

10. Andrews was initially hired by Defendant in or around July 2014.

11. Winston was initially hired by Defendant in or around March 2013.

12. Scruggs worked for Defendant from around August 2015 to around May 2016.

13. CFS provides trash, solid waste, and recycling collection and dumping services throughout central Virginia.

14. Plaintiffs were sanitation truck drivers for CFS.

15. Plaintiffs job duties involved performing pre-trip and post-trip inspections, driving routes within Virginia, collecting waste and recycling from residential and commercial customers, and dumping waste and recycling at a dump and collection facilities.

16. Plaintiffs have performed work at various jobsites around central Virginia, including in Richmond, Petersburg, Hopewell, Colonial Heights, and Prince George.

17. Plaintiffs worked well over 40 hours per week. Plaintiffs often worked more than 60 hours per week.

18. Defendant was aware that Plaintiffs regularly worked more than 40 hours per week.

19. Defendant did not properly pay Plaintiffs for all of their hours worked. Defendant had several practices in place which systematically deprived Plaintiffs of wages and overtime wages.

20. Plaintiffs' supervisor unlawfully stole wages from them by altering their time clock entries to deduct time from their hours worked.

21. Plaintiffs noticed that the hours listed on their paystubs was frequently less than the actual hours they worked.

22. Scruggs confronted his supervisor about stealing time from his paycheck. Scruggs'

3

supervisor did not deny manipulating Scruggs' time entries. Instead, he told Scruggs that Defendant would "pay him back" by adding a few hours at a time to future paychecks. On information and belief, Scruggs was not paid back for the time that was taken out of his check.

23. After he confronted his supervisor about the missing time, Scruggs' supervisor told him that Defendant would not pay him if he worked more than 55 hours per week. However, Scruggs continued to drive the same route as before, which required him to work more than 55 hours to complete. Scruggs later called his supervisor and told him that if he were to finish his current route it would put him over 55 hours worked for the week. Scruggs' supervisor told him to finish the route. However, Scruggs was not paid for the additional hours worked beyond 55 hours that week.

24. Scruggs' supervisor later told him that Defendant would not pay him if worked more than 48 hours per week. However, Scruggs continued to drive the same route and was required to work the same hours as before.

25. Winston also confronted his supervisor about stealing time from his paycheck. Winston's supervisor did not deny stealing time, but instead responded that drivers make enough money already.

26. Winston then started tracking his hours in a personal notebook. He confronted his supervisor with the notebook and the discrepancy in the hours listed on his paystub. Winston's supervisor responded that Defendant would "pay him back" by adding a few hours at a time to future paychecks. However, Winston was not paid for the additional hours worked.

27. On another occasion, Winston confronted his assistant supervisor about stealing time from his paycheck. The assistant supervisor responded that he was just doing what he was

4

told.

28. Winston, along with several other of Plaintiffs' co-workers, reported the wage theft to CFS President and CEO Rob Guidry. However, nothing was done to stop the wage theft or to reimburse Plaintiffs for the wages that had already been stolen.

29. Scruggs reported the wage theft to CFS Vice President Jeff Kraus. However, nothing was done to stop the wage theft or to reimburse Plaintiffs for the wages that had already been stolen.

30. Defendant's unlawful time deductions deprived Plaintiffs of full overtime pay in all weeks in which they worked more than 40 hours.

31. Defendant also has a practice of automatically deducting 30 minutes per day for a purported lunch break. Defendant automatically deducts this time without regard to whether Plaintiffs actually receive a break for lunch.

32. Plaintiffs were rarely, if ever, able to take an uninterrupted 30 minute break. Their jobs are such that they grab lunch and eat in their truck on their way to their next stop.

33. Defendant also had a practice of failing to pay Plaintiffs for time when their trucks broke down and they were left stranded on the side of the road.

34. Defendant's trucks are poorly maintained and frequently break down and require maintenance from a mechanic while they are out on routes.

35. Breakdowns could happen as frequently as two or three times per week. When Plaintiffs' trucks broke down, they were required to stay with the truck until a mechanic could come out to assist them.

36. However, Plaintiffs were not paid for the time they were required to stay with the

truck.

37. Defendant automatically deducted time from Plaintiffs pay when they were required to stay with the truck while broken down.

38. In these instances, Plaintiffs could be stranded with their truck for anywhere from three hours to overnight.

39. On one occasion, Scruggs was required to sleep in a broken down truck overnight from approximately 10:00 pm to approximately 6:00 am until a mechanic could be sent to repair his truck. Scruggs texted and called his supervisor to let him know that his truck was broken down and he was stranded. Scruggs' supervisor told him that a mechanic would not be available until the next day, but instructed him to stay with the truck until a mechanic arrived.

40. Scruggs was not paid for this time. Scruggs attempted to put this time on his timesheet, but his supervisor rejected it. Scruggs' supervisor told him this was considered "down" time and not work time and that it would not be paid.

41. On another occasion, Winston once sat stranded on the side of the road for more than six hours without pay. Winston reported the break down to his supervisor who told him to stay with the truck. Winston responded that a relative could pick him up and he could return to continue his route once the truck was fixed. Winston's supervisor told him that was not allowed and that he was required to stay with the truck. Winston was not paid for this time.

42. Due to Defendant's altered time records and failure to record all hours worked, Defendant failed to maintain accurate time records of all hours worked by Plaintiffs.

43. Defendant's pay policy deprived Plaintiffs of their full overtime pay when they worked more than 40 hours per week.

6

44. Pursuant to the FLSA, Defendant is obligated to pay Plaintiffs at a time and a half rate for all overtime hours worked. Defendant failed to do so.

45. Defendant was aware that Plaintiffs worked more than 40 hours per week, and of their obligation to pay overtime for these hours. However, Defendant failed to do so.

46. Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude them from being paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

47. Defendant willfully violated the FLSA by knowingly failing to pay overtime, including altering Plaintiffs' time records.

48. At all relevant times Defendant intended to deprive Plaintiffs of the overtime pay they were entitled to under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

### Representative Action Allegations for FLSA Claims

49. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become Party to Collective Action Under 29 U.S.C. § 216," filed herewith.

50. Upon information and belief, Defendant employs, and has employed, multiple similarly situated sanitation drivers who were paid under a similar pay scheme which deprived employees of overtime.

51. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

52. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiffs on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

53. On information and belief, Defendant's pay operations are centrally managed as a single enterprise, and all or most of Defendant's employees who are paid similarly to Plaintiffs are subject to common time-keeping and payroll practices.

54. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former sanitation drivers of Defendant who were paid under a pay scheme similar to Plaintiffs, and have been employed within three (3) years of the date of filing of this action.

55. Defendant's policy of refusing to pay employees overtime amounted to a willful or reckless disregard of employees' rights under the FLSA.

56. Defendant had no good faith basis to believe that these employees were somehow exempt from the overtime provisions of the FLSA.

57. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

58. Plaintiffs' job duties, and the job duties or those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

59. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## COUNT I
### FLSA *Violation*

60. Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though

fully set forth herein.

61. At all times relevant, Defendant engaged in a pattern or practice of not paying employees overtime for working more than 40 hours per week, including altering Plaintiffs' time records, setting an artificial ceiling for hours of pay, automatically deducting 30 minutes each day, and refusing to pay for time spent in broken-down trucks.

62. Plaintiffs worked more than 40 hours per week without overtime compensation for all hours worked over 40.

63. At all times relevant, Defendant knew, or should have known, that the FLSA applied to Plaintiffs and others similarly situated.

64. Defendant knew of Plaintiffs' hours worked, and knew that it was obligated to pay overtime to Plaintiffs. Defendant willfully failed to do so. Alternatively, Defendant showed reckless disregard for whether its actions complied with the FLSA.

### FLSA Relief Requested

Wherefore, Plaintiffs request the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs;

C. pre-judgment and post-judgment interest;

D. an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E.  injunctive relief including but not limited to: an order permanently enjoining Defendant from retaliating against Plaintiffs; and an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiffs and the putative collective action members and similarly situated employees;

F.  reasonable attorneys' fees and costs expended in the prosecution of this case;

G.  any and all further relief permissible by law.

Plaintiffs respectfully demands **TRIAL BY JURY**.

**Respectfully submitted,**

**Tony Andrews, Kevin Winston, and Dyshan Scruggs, on behalf of themselves and others similarly situated Plaintiffs**

By: _____
Attorneys for Plaintiffs
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com